## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

In re:

INTERMET CORPORATION, *et al.,*

Debtors.

Chapter 11

Case No. 08-11859-KG
Jointly Administered

GUC Liquidating Trustee of the GUC Liquidating
Trust of Internet Corporation,

Plaintiff,

vs.

iConnect Corporation,

Defendant.

Adversary No._____

## COMPLAINT TO AVOID AND RECOVER AVOIDABLE
## TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND/OR 549 AND 550
## AND TO DISALLOW CLAIM(S) PURSUANT TO 11 U.S.C. § 502(d)

Plaintiff, GUC Liquidating Trustee (the "GUC Liquidating Trustee" or

"Plaintiff") of the GUC Liquidating Trust (the "GUC Liquidating Trust") of Internet

Corporation and certain of its affiliates, created pursuant to the confirmed chapter 11 plan

(collectively, the "Debtors"), alleges as follows:

### THE PARTIES

1.      Plaintiff is the GUC Liquidating Trustee of the GUC Liquidating Trust

created pursuant to the Bankruptcy Court's order (the "Confirmation Order"), dated July

14, 2009 [Docket No. 1221], confirming the "Joint Chapter 11 Plan of Internet

Corporation and its Affiliated Debtors and Debtors in Possession" dated June 16, 2009

[Docket No. 1264] (as same has been clarified, amended, supplemented or otherwise

modified from time to time, the "Plan"). The Effective Date, under and as defined in the Plan, is September 2, 2009 (the "Effective Date"). On the Effective Date, the GUC Liquidating Trust was vested with, among other things, Excluded Actions[1] consisting of all Causes of Action, including chapter 5 actions and similar actions, and the proceeds thereof, except any actions released thereunder. Pursuant to the Confirmation Order, Plaintiff is vested with the right to commence and pursue such causes of action including, but not limited to, the claims and/or objections asserted in this adversary proceeding.

2.      Upon information and belief, iConnect Corporation (the "Defendant") is a person as defined in Section 101(41) of the Bankruptcy Code residing in and/or conducting business in the United States and, at all times material hereto, was a vendor, supplier or otherwise maintained a business relationship with one or more of Debtors.

## JURISDICTION AND VENUE

3.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to hear this action based upon Sections 28 U.S.C. 157(a) and 1334(a) of the United States Code in that this is a civil action arising in a case under Title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), which case is pending before this Court.

4.      This is a core proceeding under, *inter alia*, 28 U.S.C. §157(b)(2)(F) and (O).

5.      Venue in this Court is appropriate under 28 U.S.C. §§ 1408 and 1409(a).

## STATEMENT OF FACTS

6.      On August 12, 2008 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

---

[1] Capitalized terms used and not otherwise defined herein shall have the meaning set forth in the Plan.

7.      The Plan does not provide for payment in full of unsecured creditors.

8.      One or more of the Debtors made transfers to or for the benefit of the Defendant within ninety (90) days prior to the Petition Date or during the one (1) year period prior to the Petition Date if the Defendant was an insider (the "Preference Period"), including without limitation those transfers set forth on Exhibit A attached hereto and specifically incorporated herein by reference, together with any other transfers that may be identified (collectively, the "Transfers").[2]

9.      The Transfers identified in Exhibit A were transfers of interests in one or more of the Debtors' property consisting of one or more of the Debtors' cash.

10.      Prior to receiving the Transfers, the Defendant provided goods and/or services to one or more of the Debtors for which it was owed money by one or more of the Debtors at the time of the Transfers.

## CLAIMS FOR RELIEF

### COUNT I
### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b))

11.      Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 10 above, as if fully stated herein.

12.      During the Preference Period, the Defendant received the Transfers from one or more of the Debtors.

13.      Each of the Transfers constitutes a transfer of an interest in property of one or more of the Debtors.

---

[2] Exhibit A reflects Plaintiff's current knowledge of the transfers (made by check, wire transfer or their equivalent) to Defendant during the Preference Period. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all such transfers, whether such transfers are presently reflected on Exhibit A or not. Accordingly, the Plaintiff reserves its rights to supplement and/or amend this information as necessary and appropriate.

14.     Each of the Transfers was made, or caused to be made, directly to or for the benefit of the Defendant.

15.     Each of the Transfers was made, or caused to be made, for or on account of one or more antecedent debts owed by one or more of the Debtors to the Defendant prior to the date on which such Transfer was made.

16.     The Defendant was a creditor of one or more of the Debtors at the time of the Transfers within the meaning of Section 101(10)(A) of the Bankruptcy Code.

17.     At the time of each of the Transfers, the Defendant had a right to payment on account of an obligation owed to the Defendant by one or more of the Debtors.

18.     The Transfers were to or for the benefit of a creditor within the meaning of Section 547(b)(1) of the Bankruptcy Code because the Transfers either reduced or fully satisfied a debt then owed by one or more of the Debtors to the Defendant.

19.     The Transfers were made for or on account of an antecedent debt for which one or more of the Debtors were legally bound to pay, and the Transfers were made within the meaning of Section 101(12) of the Bankruptcy Code.

20.     The Transfers were made while the Debtors were insolvent.

21.     As a result of the Transfers, the Defendant received more than it would have received if:

(a)     The Debtors' bankruptcy cases were cases under Chapter 7 of the Bankruptcy Code;

(b)     The Transfers had not been made; and

(c)     The Defendant had received payment on its debt to the extent provided by the provisions of the Bankruptcy Code.

22.      Based on the foregoing, the Plaintiff is entitled to avoid the Transfers pursuant to Section 547(b) of the Bankruptcy Code.

## COUNT II
### (Avoidance of Transfers as Fraudulent Transfers pursuant to 11 U.S.C. § 548(a)(1)(B))

23.      Pleading in the alternative, the Plaintiff incorporates by reference the allegations set forth in Paragraphs 1-10 above, as if fully stated herein.

24.      The Transfers identified in Exhibit A were made at a time when the Debtor making the Transfers was insolvent because the value of the Debtor's assets at a fair valuation was less than the sum of its debts.

25.      The Transfers identified in Exhibit A were made within two years of the Petition Date.

26.      To the extent the Transfers identified in Exhibit A were payments on account of obligations or antecedent debts owed to the Defendant for which the Debtor was not liable, the Debtor did not receive reasonably equivalent value in exchange for the Transfer.

27.      Based on the foregoing, the Plaintiff may avoid the Transfers as fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

## COUNT III
### (Avoidance of Post-Petition Transfers Pursuant to 11 U.S.C. § 549(a))

28.      Pleading in the alternative, the Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 27 above, as if fully stated herein.

29.      After the Petition Date, to the extent one or more of the Debtors transferred and/or caused the Transfers to be transferred, to or for the benefit of the

Defendant, each of those Transfers represented payments by one or more of the Debtors to the Defendant for services rendered and/or goods delivered pre-petition.

30.     The Transfers constitute one or more post-petition transfers of property of one or more of the Debtors' estates that is authorized only under Section 303(f) or 542(c) of the Bankruptcy Code or is not authorized under the Bankruptcy Code or by the Court.

31.     Based on the foregoing, the Plaintiff is entitled to avoid the Transfers pursuant to Section 549(a) of the Bankruptcy Code.

**COUNT IV**
**(Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550)**

32.     The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 31 above, as if fully stated herein.

33.     To the extent that the Transfers are avoided under Sections 547(b), 548(a)(1)(B) or 549(a) of the Bankruptcy Code, the Plaintiff is entitled to recover, for the benefit of the Debtors' estates, the Transfers or the value of the Transfers from the Defendant or any immediate or mediate transferee of the Defendant pursuant to Section 550(a)(1) of the Bankruptcy Code.

**COUNT V**
**(Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))**

34.     The Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 33 above, as if fully stated herein.

35.     Section 502(d) of the Bankruptcy Code provides, in relevant part, that the claim of any entity or transferee receiving a payment that is avoidable under Sections 547, 548 or 549 of the Bankruptcy Code shall be disallowed unless the entity or transferee turns over the payment, or value of the payment, to the estate.

36.     The Defendant has not paid or surrendered to the Plaintiff the Transfers, and therefore, any unsecured claim which the Defendant has filed must be disallowed.

## **RESERVATION OF RIGHTS**

37.     The Plaintiff reserves the right to bring all other claims or causes of action that the Plaintiff might have against the Defendant, on any and all grounds, as allowed under the law or in equity.

WHEREFORE, the Plaintiff respectfully requests that the Bankruptcy Court enter relief and judgment in his favor and against the Defendant as follows:

(a)     Declaring that the Transfers identified herein (and any other Transfers from the Debtors to the Defendant during the Preference Period, or during the one (1) year period prior to the Petition Date if the Defendant was an insider, that discovery may reveal) are avoided and set aside as preferences under Section 547 of the Bankruptcy Code;

(b)     Declaring that the Transfers identified herein (and any other Transfers from the Debtors to the Defendant within two years of the Petition Date) for which the Debtors did not receive reasonably equivalent value are avoided and set aside as fraudulent transfers under Section 548 of the Bankruptcy Code;

(c)     Declaring that the Transfers identified herein (and any other Transfers from the Debtors to the Defendant subsequent to the Petition Date that discovery may reveal) are avoided and set aside as post-petition transfers under Section 549 of the Bankruptcy Code;

(d)     Directing and ordering that the Defendant, or any immediate or mediate transferee of the Defendant, turn over to the Plaintiff the full amount of or value of the Transfers (and any other avoided Transfers discovered after the date of this Complaint) pursuant to Section 550 of the Bankruptcy Code;

(e)     Awarding judgment against the Defendant and in favor of Plaintiff in an amount equal to:

　　　　(i)     The full amount of the Transfers (and any other avoided Transfers discovered after the date of this Complaint);

　　　　(ii)     Pre-judgment interest at the maximum legal rate running from the time of the Transfer until the date of judgment herein;

　　　　(iii)     Post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full; and

　　　　(iv)     Fees and costs incurred by Plaintiff in this suit; and

(f)     Disallowing any and all claims of the Defendant against the Debtors' estates under Section 502(d) of the Bankruptcy Code; and

(g)     Such other and further relief as is necessary and proper.

Dated:  August 10, 2010
          Wilmington, Delaware          Respectfully submitted,

                                         WHITEFORD TAYLOR PRESTON LLC

                                         /s/ Thomas J. Francella, Jr.
                                         Thomas J. Francella, Jr., Esquire (ID #3835)
                                         Chad J. Toms, Esquire (ID # 4155)
                                         1220 N. Market Street, Suite 608
                                         Wilmington, DE 19801-2535
                                         Telephone: 302.353.4144
                                         Facsimile: 302.661.7950
                                         Email:  tfrancella@wtplaw.com
                                                  ctoms@wtplaw.com

                                         Counsel for the GUC Liquidating Trustee